ARTHUR L. GREEN ET AL. *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.

BOGDANSKI, LONGO, PETERS, PARSKEY and RUBINOW, Js.

Argued May 2—decision released August 28, 1979

*Mitchell W. Pearlman,* general counsel, with whom
was *Constance L. Chambers,* counsel, for the appellant (named defendant).

*Sharon S. Tisher,* with whom, on the brief, was
*J. Charles Mokriski,* for the appellants (defendants
The Hartford Courant et al.).

*Wesley W. Horton,* with whom were *Philip A.
Murphy, Jr.,* and *Roxanne E. Sinclair,* law student
intern, for the appellees (plaintiffs).

PARSKEY, J. This case, which involves an appeal
from a decision of the defendant freedom of information commission, presents the question whether
complaints filed or issued pursuant to the Fair
Employment Practices Act, General Statutes

§ 31-127, are required to be disclosed under the provisions of the Freedom of Information Act, General Statutes § 1-19, prior to the disposition of the complaint by dismissal or adjustment.

The Hartford Courant Company and Reid MacCluggage, its assistant managing editor, defendants in these proceedings, filed a complaint with the defendant freedom of information commission (FOIC) seeking to compel the plaintiff commission on human rights and opportunities (CHRO) to open for inspection by the complainants, complaints, affidavits of complaint, investigators' findings and case dispositions on file with or in custody of the CHRO. After a hearing the FOIC ordered the CHRO to provide the complainants access to inspect and copy all complaints or affidavits of complaint and dismissed the complaint in all other respects. Upon appeal from this decision by the CHRO and the plaintiff Arthur L. Green, its executive director, the Court of Common Pleas sustained the appeal. The defendants have appealed that judgment to this court.

Section 31-127[1] establishes the procedure for handling complaints of unfair employment practice. Complaints by aggrieved persons are filed with the CHRO in writing and under oath and are referred to investigators for a preliminary investigation.

---

[1] Section 31-127, as it read prior to October 1, 1976, provided in pertinent part as follows: "Any person claiming to be aggrieved by an alleged unfair employment practice may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath . . . . The commission, whenever it has reason to believe that any person has been engaged or is engaged in an unfair employment practice, may issue a complaint. . . . After the filing of any complaint, the chairman of the commission shall refer the same to a commissioner or investigator to make prompt preliminary investigation of such complaint and, if such commissioner or investigator

Unless the investigation discloses a reasonable basis for the complaint, it is subject to dismissal by the CHRO. If the CHRO has reason to believe that any person has been or is engaged in an unfair employment practice it may issue its own complaint. Where probable cause exists, it is the duty of the investigator to endeavor to eliminate the discriminatory practice by conciliation. The investigator may not disclose what has occurred during the negotiations, but the CHRO may publish the facts of the case and any complaint which has been dismissed and the terms of conciliation when a complaint has been adjusted.

In construing the proviso clause in § 31-127, we are not required to weigh on the scales of statutory construction the public policies underlying the Freedom of Information and Fair Employment Practices Acts because the former, in § 1-19,[2] specifically excepts from its provisions those cases covered by contrary provisions of federal law or state statute. The proviso clause in § 31-127 is such a contrary provision, insofar as it relates to the CHRO "complaints," whether or not under oath, to which the

determines after such preliminary investigation that there is reasonable cause for believing that an unfair employment practice has been or is being committed as alleged in such complaint he shall immediately endeavor to eliminate the unfair employment practice complained of by conference, conciliation and persuasion. . . . No commissioner or investigator shall disclose what has occurred in the course of such endeavors, *provided the commission may publish the facts in the case and any complaint which has been dismissed and the terms of conciliation when a complaint has been adjusted. . . ."* (Emphasis added.)

[2] Section 1-19 provides in pertinent part as follows: "Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect or copy such records at such reasonable time as may be determined by the custodian thereof. . . ."

FOIC ordered access. Because the statute author-
izes publication of only a complaint which has been
dismissed or adjusted it must be presumed that
publication before such occurrence is precluded. To
hold otherwise is to render this clause devoid of
any meaning and in effect to delete it from the stat-
ute in contravention of the elementary principle of
statutory construction that no word in a statute
should be treated as superfluous or insignificant.
*Kulis* v. *Moll,* 172 Conn. 104, 111, 374 A.2d 133
(1976).

Furthermore, the Fair Employment Practices Act
relies heavily on conciliation as a means of eliminat-
ing discriminatory employment practices. To fur-
ther this process, the act bars absolutely the dis-
closure of conciliation endeavors and postpones dis-
closure of complaints until they have been dismissed
or adjusted. The obvious purpose of providing confi-
dentiality is to encourage compromise, while pre-
mature disclosure might force the parties into public
postures, which would inhibit or prevent settlements.
To state the obvious, in construing a statute, we
must eschew those interpretations which would tend
to thwart the statutory purpose. *Evening Sentinel*
v. *National Organization for Women,* 168 Conn. 26,
31, 357 A.2d 498 (1975). In sum, the plain language
of the statute and the purpose embodied therein lead
to the same conclusion, namely, that complaints and
affidavits of complaint are not subject to disclosure
until final action by the CHRO.[3]

There is no error.

In this opinion the other judges concurred.

---

[3] Although we have not discussed the issue herein, we do not intend
to imply that a complaint certified for prosecution before a hearing
tribunal is not subject to the disclosure provisions of § 1-19.