******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROBINSON, C. J., dissenting. I respectfully disagree
with the majority's conclusion that the trial court did
not abuse its discretion in admitting exhibits 12, 13,
and 14 into evidence during a bench trial, after which
the court concluded that the defendant, the Department
of Mental Health and Addiction Services, had violated
the rights of the plaintiff, Virlee Kovachich, under the
Connecticut Fair Employment Practices Act (act), Gen-
eral Statutes § 46a-51 et seq. Instead, I agree with the
Appellate Court's well reasoned opinion, in which it
concluded that the letter and emails contained in those
three exhibits were settlement communications inad-
missible under § 4-8 of the Connecticut Code of Evi-
dence.[1] See *Kovachich* v. *Dept. of Mental Health &
Addiction Services*, 199 Conn. App. 332, 346, 350, 236
A.3d 219 (2020). Because I would affirm the judgment
of the Appellate Court reversing the judgment of the
trial court; see id., 367; I respectfully dissent.

Short of a change to the rules of evidence, I believe
that this court would have to determine that the state-
ments in exhibits 12, 13, and 14 are not offers to settle
in order to conclude that they were admissible. As the
majority opinion aptly explains, " '[e]vidence of an offer
to compromise or settle a disputed claim is inadmissible
on the issues of liability and the amount of the claim.' "
Part I of the majority opinion, quoting Conn. Code Evid.
§ 4-8 (a). However, "other reasons will also suffice *as
long as they are relevant to some issue other than
liability* or damages." (Emphasis added.) E. Prescott,
Tait's Handbook of Connecticut Evidence (6th Ed.
2019) § 4.19.4, p. 203. In this vein, the plaintiff argues
that the exhibits were evidence of her efforts to engage
in the "interactive process" required by the act; see
*Curry* v. *Allan S. Goodman, Inc.*, 286 Conn. 390, 416,
944 A.2d 925 (2008); as conciliation efforts between the
disabled individual and the employer aimed at identi-
fying the individual's precise limitations and potential
reasonable accommodations by the employer to aid the
individual in overcoming those limitations. Specifically,
the plaintiff argues that, because a failure to engage in
the interactive process does not, standing alone, prove
a violation of the act, the trial court properly admitted
the exhibits for a purpose other than liability. I disagree
with this argument. Although the plaintiff correctly
observes that a failure to engage in the interactive pro-
cess, *alone*, does not constitute independent grounds
for liability; see *Sheng* v. *M&TBank Corp.*, 848 F.3d 78,
86–87 (2d Cir. 2017); it does not follow that the failure
to engage in the interactive process is a matter entirely
distinct from the liability inquiry as a matter of law.
See *Snapp* v. *United Transportation Union*, 889 F.3d
1088, 1097 (9th Cir. 2018) ("[m]ost circuits have held

that liability ensues for failure to engage in the interactive process when a reasonable accommodation would otherwise have been possible" (internal quotation marks omitted)), cert. denied sub nom. *Snapp* v. *Burlington Northern Santa Fe Railway Co.*, U.S. , 139 S. Ct. 817, 202 L. Ed. 2d 577 (2019); *McBride* v. *BIC Consumer Products Mfg. Co.*, 583 F.3d 92, 100– 101 (2d Cir. 2009) (plaintiff must establish that reasonable accommodation was possible in addition to establishing employer's failure to engage in interactive process). Section 4-8 (a) of the Connecticut Code of Evidence does not exclude settlement offers only on issues that can be the *sole cause* of liability but, rather, simply excludes settlement offers on issues of liability more generally. As such, I would not conclude that evidence of engaging or failing to engage in the interactive process could properly be considered as "another purpose" pursuant to § 4-8 (b) (1) of the Connecticut Code of Evidence.

Looking beyond the plain language of § 4-8 of the Connecticut Code of Evidence, I find especially persuasive the policy considerations raised by the Appellate Court in its discussion of General Statutes § 46a-83 (j),[2] which governs the confidentiality of proceedings before the Commission on Human Rights and Opportunities (commission), and General Statutes § 46a-84 (e),[3] which governs efforts to resolve matters pending before the commission by settlement or alternative dispute resolution. See *Kovachich* v. *Dept. of Mental Health & Addiction Services*, supra, 199 Conn. App. 352. As the commission noted in its amicus brief to the Appellate Court,[4] the act " 'relies heavily on conciliation as a means of eliminating discriminatory employment practices. To further this process, the act bars absolutely the disclosure of conciliation endeavors and postpones disclosure of complaints until they have been dismissed or adjusted. The obvious purpose of providing confidentiality is to encourage compromise, [whereas] premature disclosure might force the parties into public postures, which would inhibit or prevent settlements.' " *Kovachich* v. *Dept. of Mental Health & Addiction Services*, Conn. Appellate Court Briefs & Appendices, October Term, 2019, Amicus Curiae Brief pp. 5–6, quoting *Green* v. *Freedom of Information Commission*, 178 Conn. 700, 703, 425 A.2d 122 (1979). I agree with the commission that "[w]eakening the safeguards [that] generally preclude parties from offering settlement or compromise evidence into the record would have a chilling effect on the commission's mediation efforts, eviscerating the conciliatory purpose and expeditious nature of the commission's administrative process."[5] *Kovachich* v. *Dept. of Mental Health & Addiction Services*, Conn. Appellate Court Briefs & Appendices, supra, Amicus Curiae Brief p. 9.

"Beyond these observations, [o]rdinarily, I would write a comprehensive dissenting opinion with a thor-

ough discussion of the applicable law and a detailed review of the record. The Appellate Court has, however, issued a comprehensive and well reasoned opinion, authored by Judge [Alvord], which provides a full explication of the . . . record and governing legal principles in this case. . . . In the interest of aiding in the discharge of this court's institutional obligation to provide timely decisions to litigants and the public, I adopt Judge [Alvord's] excellent opinion as a complete statement of my reasoning for respectfully dissenting from the judgment of this court." (Internal quotation marks omitted.) *State* v. *Dawson*, 340 Conn. 136, 166, 263 A.3d 779 (2021) (*Robinson, C. J.*, dissenting); accord *Dept. of Transportation* v. *White Oak Corp.*, 319 Conn. 582, 622, 125 A.3d 988 (2015) (*Robinson, J.*, dissenting); see also *Brenmor Properties, LLC* v. *Planning & Zoning Commission*, 326 Conn. 55, 62, 161 A.3d 545 (2017).

Because I would affirm the judgment of the Appellate Court, I respectfully dissent.

[1] Section 4-8 of the Connecticut Code of Evidence provides: "(a) General rule. Evidence of an offer to compromise or settle a disputed claim is inadmissible on the issues of liability and the amount of the claim.

"(b) Exceptions. This rule does not require the exclusion of:

"(1) Evidence that is offered for another purpose, such as proving bias or prejudice of a witness, refuting a contention of undue delay or proving an effort to obstruct a criminal investigation or prosecution, or

"(2) statements of fact or admissions of liability made by a party."

[2] General Statutes § 46a-83 (j) provides: "No commissioner or employee of the commission may disclose, except to the parties or their representatives, what has occurred in the course of the commission's processing of a complaint, provided the commission may publish the facts in the case and any complaint that has been dismissed and the terms of conciliation when a complaint has been adjusted. Each party and his or her representative shall have the right to inspect and copy documents, statements of witnesses and other evidence pertaining to the complaint, except as otherwise provided by federal law or the general statutes."

[3] General Statutes § 46a-84 (e) provides: "A human rights referee or attorney who volunteers service pursuant to subdivision (18) of section 46a-54 may supervise settlement endeavors. In employment discrimination cases only, the complainant and respondent, with the permission of the chief referee, may engage in alternate dispute resolution endeavors for not more than three months. The cost of such alternate dispute resolution endeavors shall be borne by the complainant or the respondent, or both, and not by the commission. *Any endeavors or negotiations for conciliation, settlement or alternate dispute resolution shall not be received in evidence.*" (Emphasis added.)

[4] In its amicus brief to the Appellate Court, the commission emphasized the importance of confidentiality regarding its mediation process. See *Kovachich* v. *Dept. of Mental Health & Addiction Services*, Conn. Appellate Court Briefs & Appendices, October Term, 2019, Amicus Curiae Brief pp. 5–9. However, in its amicus brief to this court, the commission shifted gears somewhat to discuss the competing interests between "safeguarding a confidential space in which parties to a discrimination complaint may candidly negotiate without concern of incurring new liability" and "ensuring that employees may seek accommodations for their disabilities . . . if those discussions go astray," arguing that confidentiality should not extend beyond the mediation process.

[5] Although § 46a-84 (e) applies only to evidence introduced in public hearings held by the commission, both §§ 46a-84 (e) and 46a-83 (j) demonstrate efforts to ensure confidentiality and to encourage compromise throughout the pendency of a complaint before the commission.